IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-20201
Summary Calendar

_____

United States of America,

                              Plaintiff/Appellee,

                    versus

Jeffrey Scott Bisagna,

                              Defendant/Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
((CA H 95 538) (CR H 90 240 1))

_____
August 1, 1995

Before KING, JOHNSON and DEMOSS, Circuit Judges.[*]

JOHNSON, Circuit Judge:

    Federal prisoner filed a habeas corpus action pursuant to 28
U.S.C. § 2255 complaining about the imposition of a fine at
sentencing.  The district court summarily dismissed the motion
and we AFFIRM.

I.   FACTS AND PROCEDURAL HISTORY

    Pursuant to a plea agreement, Jeffrey Scott Bisagna pled
guilty to attempt to possess with intent to distribute in excess
of eighty kilograms of marijuana.  On June 4, 1991, the district

_____

    [*]  Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the Court has determined
that this opinion should not be published.

court sentenced Bisagna under the Guidelines to fifty-four months of imprisonment, three years of supervised release, a $5,000 fine, and a $50 special assessment. Bisagna did not file a direct appeal.

On December 3, 1992, Bisagna filed a motion to vacate sentence under 28 U.S.C. § 2255 which, in substance, was actually a request for reduction of sentence under 18 U.S.C. § 3582. In that motion, Bisagna alleged he was entitled to an additional one level reduction for acceptance of responsibility provided by the November 1, 1992 amendment to U.S.S.G. §3E1.1. The district court summarily denied this motion, though. Bisagna filed a notice of appeal. However, the appeal was dismissed for failure to prosecute.

Next, on April 14, 1994, Bisagna filed a second motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255. In that motion, he alleged that the district court erred in imposing the $5,000 as a condition of supervised release when a punitive fine was not imposed. The relief sought was to vacate the fine. The district court summarily dismissed this petition and an appeal was taken. This Court affirmed the denial of habeas corpus relief holding that the imposition of the fine was a nonconstitutional issue relative to sentencing that should have been raised on direct appeal. Thus, the issue was not cognizable when raised for the first time on collateral review.

Following this, Bisagna filed yet another section 2255 motion challenging the $5,000 fine imposed. This time he added

2

an attack on the fine couched in terms of ineffective assistance of counsel. The district court, however, summarily dismissed this petition under Rule 4(b), 28 U.S.C. foll. § 2255. Bisagna now appeals from that ruling.

## II. DISCUSSION

In his first argument to this Court, Bisagna contends that his counsel was ineffective in that he failed to object to the imposition of the fine at the sentencing hearing when the Presentence Report (PSR) clearly showed that Bisagna was unable to pay the fine. Further, Bisagna contends that his counsel was ineffective in failing to challenge the fine on direct appeal.

We do not reach the merits of Bisagna's argument, however, because this Court has held that an ineffective-assistance-of-counsel claim which concerns prejudice due to the imposition of a fine lies outside the scope of section 2255. *United States v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994). The *Segler* Court reasoned that Congress limited relief under section 2255 to persons in federal custody. A monetary fine does not amount to a restraint on liberty which meets the "in custody" requirement of section 2255. "[I]f counsel's constitutionally insufficient assistance affected the trial court's guilt determination or the sentencer's imposition of a prison term, prisoner's ineffective assistance of counsel claim falls within the scope of § 2255; if, as here, it relates only to the imposition of a fine, his claim falls outside § 2255." *Id.* at 1137.

In the instant case, the only prejudice that Bisagna

3

proffers stemming from his counsel's allegedly deficient performance is the imposition of a fine. Therefore, his claim does not come within the scope of section 2255. We uphold the district court's determination on this ground. *See Bickford v. International Speedway Corp.*, 654 F.2d 1028, 1031 (5th Cir. Unit A Aug. 1981) (reversal is inappropriate if the ruling of the district court can be affirmed on any grounds, regardless of whether those grounds were used by the district court).

Bisagna's remaining challenges to the fine imposed are not of constitutional dimension. Thus, they are not cognizable in a section 2255 motion which is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). On this ground, the judgment of the district court must be affirmed. *See Bickford*, 654 F.2d at 1031.

III. CONCLUSION

For the reasons stated above, the judgment of the district court is AFFIRMED.

4